# IN THE SUPERIOR COURT
## OF GUAM

FILED
SU... COURT

2013 OCT 15 PM 3: 56

REYNALDO A. CRISTOBAL, ) CIVIL CASE No. DM0112-13
 )
   Plaintiff, )
 )
 v. ) **DECISION AND ORDER**
 )
EPIFANIA ANGELES DIZON )
CRISTOBAL, )
 )
   Defendant. )

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Defendant's motion to compel was taken under advisement on October 2, 2013. The Plaintiff is represented by attorney Ron Moroni. The Defendant is represented by attorney Catherine Bejerana Camacho. After considering the matters presented, the Court now issues the following decision GRANTING Defendant's motion to compel.

## BACKGROUND

This action stems from Plaintiff's February 15, 2013, Verified Complaint for Dissolution of Marriage. Defendant filed a verified answer and counterclaim for divorce on March 14, 2013.

On September 4, 2013, Defendant filed a paper entitled, Motion to Compel Discovery and for Sanctions. In her paper Defendant asserts that on May 30, 2013, she served Plaintiff with her First Set of Interrogatories and First Request for Production of Documents. Subsequently on July 8, 9 and August 28, 2013, Defendant requested that Plaintiff answer her requests and warned of her need to file a motion to compel. In response to Defendant's requests Plaintiff's attorney has indicated that he has been unable to locate or contact his client.

Plaintiff has filed no paper in opposition to Defendants request.

## DISCUSSION

Rule 37 of the Guam Rules of Civil Procedure regulates the Court's issuance of oders to compel and sanctions for a Party's failure to comply with discovery. Guam R. Civ. P. 37. It first requires that prior to filing a request to compel the moving party must provide the noncomplying party with reasonable notice. *Id.* at (a). Second it requires that any motion to compel be accompanied by a, "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." *Id.* at (a)(2)(A) and (B).

In this case Defendant has in good faith communicated with the Plaintiff three times. She furthermore has filed a verified paper which is sufficient to enable the Court to find that she has in good faith attempted to secure the requested discovery without court action. Decl. at 1-2.

Rule 37 requires that upon a showing of reasonable notice and a good faith effort to obtain the discovery the court, upon the granting of the motion to compel, shall require that the attorney or the party, "pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Guam R. Civ. P. R. 37 (a)(4)(A). Upon entry of an order compelling discovery and a showing that the party had failed to comply with an order to compel a court may dismiss the pleadings of the party and enter a default judgment on behalf of the moving party. *Id.* (b)(2)(C).

In this case despite Defendant's numerous and good faith efforts, Plaintiff has failed to answer and produce the discovery materials requested by Defendant. Accordingly under an application of the above standard the Court finds an order to compel discovery is warranted.

## CONCLUSION

For the reasons set forth above Defendant's Motion to Compel and for Sanction is GRANTED. Plaintiff is hereby immediately ordered to answer and produce the interrogatories and documents identified in Defendant's discovery requests. Pursuant to the requirements of Rule 37 Plaintiff is ordered to pay Defendant's costs in bringing this motion and her reasonable attorney fees. Furthermore upon a showing that Plaintiff has knowingly failed to comply with this order within 21 days of his receipt of it, Plaintiff's pleading shall be dismissed and default entered for Defendant.

SO ORDERED, this _15_ day of ___Oct.___ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

OCT 15 2013